**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Liv Larsgard, | No. CV12-8013-PCT-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Michael Mendoza, et al., | |
| Defendants. | |

Plaintiff Liv Larsgard filed her initial complaint on January 24, 2012, alleging violations of the Fourth Amendment under 42 U.S.C. § 1983. Doc. 1. On March 9, 2012, with some help from an attorney, Plaintiff filed an amended complaint.[1] Doc. 3. On April 3, 2012, Defendant Village of Winslow ("City of Winslow") and Officer Defendants Carl Calnimptewa, Arturo Zacarias, Alicia Marquez, Ronald Chisholm, James Bach, and Ernest Cano (collectively "the Winslow Defendants") filed a motion to dismiss for failure to state a claim upon which relief can be granted. Doc. 15. On May 11, 2012, Defendant Michael Mendoza filed a separate motion to dismiss for failure to state a claim. Doc. 16. The Winslow Defendants joined in Defendant Mendoza's motion to dismiss. Doc. 17. After Plaintiff failed to file a response to either motion within the required time, *see* LRCiv 12.1(b), the Court allowed Plaintiff until July 6, 2012 to respond. Doc. 18. On July 6, 2012, Plaintiff filed a letter with the Court, which the

---

[1] *See* Doc. 19, at 1 ("My first complaint of January 2012 was not correct[ly] done. Therefore I had to send a new complaint, on which a lawyer helped me for free.").

Court construes as a response to the motions to dismiss. Doc. 19. The Winslow Defendants and Defendant Mendoza have filed separate replies. Docs. 20, 21. The parties have not requested oral argument. For reasons that follow, the Court will grant in part and deny in part the Winslow Defendants' motion to dismiss, grant Defendant Mendoza's motion to dismiss, and grant Plaintiff leave to file a second amended complaint.

**I.  Background.**

The facts alleged in the amended complaint are as follows. Plaintiff and her son, John Kristoffer Larsgard, are citizens of Norway. Doc. 3, ¶¶ 2, 9. On the morning of September 24, 2011, Plaintiff was driving a Volvo belonging to her son in Winslow, Arizona when she lost control of the car and struck a wall. *Id.* ¶¶ 9, 10. Plaintiff and her son were taken to the hospital in an ambulance, and the police arranged for the Volvo to be towed. *Id.* ¶ 10.

After being discharged from the hospital that afternoon, Plaintiff and her son obtained a rental car and returned to Winslow to retrieve their belongings and make arrangements to deal with the Volvo. *Id.* ¶ 11. Plaintiff's son attempted to drive around the sawhorse that was barricading the damaged Volvo, and Mr. Mendoza accused Plaintiff's son of driving the rental car dangerously. *Id.* ¶ 12. Plaintiff and her son left the scene, with her son still driving. *Id.* He stopped a block or two later and parked the rental car in order to make a call to Jack Dalton, a mechanic for the towing company. *Id.* At that time, Mr. Mendoza approached the rental car, reached through the open driver's side window, and hit Plaintiff's son. *Id.* Mr. Mendoza struck Plaintiff's son in the head several more times, and both Plaintiff and her son called 911 from their cell phones. *Id.* ¶ 13. Several police cars arrived on the scene, and the police officers drew their guns. *Id.* ¶ 14. These officers are named as defendants in this case. *Id.* Plaintiff was handcuffed and placed in the back of a patrol vehicle, sustaining bruises on both wrists. *Id.* ¶ 15, 17. Plaintiff's son was taken to the hospital as a result of injuries inflicted by Mr. Mendoza. *Id.* ¶ 18.

In her amended complaint, Plaintiff makes three claims: (1) violation of her rights under the Fourth Amendment against the Officer Defendants, pursuant to § 1983, (2) false arrest, deprivation of liberty, assault, and international and/or reckless infliction of emotional distress against the City of Winslow, pursuant to a respondeat superior theory, and (3) state common law intentional infliction of emotional distress arising from the assault and battery of her son, against Mr. Mendoza.  Doc. 3, at 5-8.

**II.   Legal Standard.**

Dismissal is appropriate under Rule 12(b)(6) where the plaintiff fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  When reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party.  *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996).  Legal conclusions couched as factual allegations are not entitled to the assumption of truth.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).  To avoid a Rule 12(b)(6) dismissal, the complaint must plead enough facts to state a claim to relief that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

**III.  Winslow Defendants' Motion to Dismiss.**

The Winslow Defendants move to dismiss Plaintiff's amended complaint on the grounds that Plaintiff failed to comply with Arizona's notice of claim requirement and the City of Winslow is not a proper party to this action.  Doc. 15, at 3-4.

**A.   Notice of Claim.**

Arizona's notice of claim statute provides that all persons having a claim against a public entity or public employee must provide notice of that claim within 180 days after

the cause of action accrues. A.R.S. § 12-821.01(A). The notice of claim requirement applies only to state law claims. *See Nored v. City of Tempe*, 614 F. Supp. 2d 991, 998 (D. Ariz. 2008) (dismissing the plaintiff's state law claims for failing to comply with § 12-821.01, while leaving the federal claim intact); *Manriquez v. City of Phoenix*, No. CV11-01981-PHX-DGC, 2012 WL 1985640, at *2 n.1 (D. Ariz. June 4, 2012). The notice of claim requirement is inapplicable to Plaintiff's § 1983 claim against the Officer Defendants (Claim One), and is inapplicable to the City of Winslow to the extent Plaintiff seeks to make a § 1983 claim against it. Doc. 3, at 5-7.

The Winslow Defendants argue that the state law claims should be dismissed because Plaintiff did not serve a notice of claim. Doc. 15, at 3. Generally, strict compliance with the notice of claim statute is required. *See Falcon ex rel. Sandoval v. Maricopa Cnty.*, 144 P.3d 1254, 1256 (Ariz. 2006). The Court will dismiss Plaintiff's state tort claim against the City of Winslow (Claim Two) without prejudice for failure to comply with the notice of claim requirement.[2]

### B.     Respondeat Superior for § 1983 Claims.

Plaintiff alleges false arrest, deprivation of liberty, assault, and intentional and/or reckless infliction of emotional distress by virtue of respondeat superior against the City of Winslow. Doc. 3, at 7. The doctrine of respondeat superior imposes vicarious liability on an employer for the torts of an employee if the torts are committed within the scope of employment. *Baker ex rel. Hall Brake Supply, Inc. v. Stewart Title & Trust of Phoenix, Inc.*, 5 P.3d 249, 254 (Ariz. App. 2000); *Patterson v. City of Phoenix*, 436 P.2d 613, 617 (Ariz. 1968). Plaintiff claims that the officers who arrested and searched her are employed by the City of Winslow, and that they were acting on behalf of the City at all times relevant to the amended complaint. Doc. 3, ¶ 25.

---

[2] Because Defendant Mendoza has not joined the Winslow Defendants' motion to dismiss, the Court will not apply the Winslow Defendants' notice of claim argument to the state law claim against Defendant Mendoza.

Municipal liability under § 1983 cannot be founded on a theory of respondeat superior. *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1185 (9th Cir. 2002), *cert. denied*, 537 U.S. 1106 (2003). Generally, the actions of individual employees can support liability against a municipality under § 1983 only if those employees were acting pursuant to an official municipal policy. *See Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999) (quoting *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978)). There are two alternative ways that such liability can attach: first, if an employee commits a constitutional violation pursuant to a longstanding practice or custom, and second, if the person causing the constitutional violation has final policymaking authority. *See Webb v. Sloan*, 330 F.3d 1158, 1164 (9th Cir. 2003) (citing *Christie*, 176 F.3d at 1235).

Plaintiff has not alleged that the City of Winslow has an official policy that caused its employees to violate her constitutional rights, that the Officer Defendants deprived her of her constitutional rights pursuant to the City of Winslow's longstanding practice or custom, or that the Officer Defendants causing the alleged violation had final policymaking authority. Rather, she alleges that the City of Winslow is subject to liability simply because "the officers who arrested and searched Plaintiff are employed by the [City] of Winslow as police officers" and "were acting on behalf of the [City] of Winslow[.]" Doc. 3, ¶ 25. The Court will dismiss this claim without prejudice because "a municipality cannot be held liable solely because it employs a tortfeasor[.]" *Monell*, 436 U.S. at 691.

**IV.   Defendant Mendoza's Motion to Dismiss.**

Defendant Mendoza moves to dismiss the amended complaint for failure to present a prima facie case that Plaintiff's claims for damages exceed $75,000 and for failure to state a claim of intentional infliction of emotional distress. Doc. 16, at 3-5. The Winslow Defendants have joined Defendant Mendoza's motion regarding Plaintiff's state law claims. Doc. 17.

### A. Subject Matter Jurisdiction.

The amended complaint purports to assert diversity jurisdiction, alleging that Plaintiff is a citizen of Norway and Defendants are citizens of the United States, and that Plaintiff sustained damages exceeding $75,000. Doc. 3, ¶ 7. Where the plaintiff originally files suit in federal court, "the amount in controversy is determined from the face of the pleadings." *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (quoting *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000)). "The amount in controversy alleged by the proponent of federal jurisdiction – typically the plaintiff in the substantive dispute – controls so long as the claim is made in good faith." *Id.* (citing *Crum*, 231 F.3d at 1131). "To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

Defendant Mendoza argues that there is nothing in the amended complaint to support damages in excess of $75,000. Doc. 16, at 4. Plaintiff claims that she has not been allowed to take possession of the rental car, and that she believes the rental car company is seeking to recover more than $20,000 from her as a result of Defendants' conduct. Doc. 3, ¶ 21. She also seeks punitive damages against Defendant Mendoza. *Id.* ¶ 30. The Court cannot conclude with legal certainty that Plaintiff's claim is for less than $75,000, and will not dismiss Plaintiff's claim for lack of jurisdiction.

Furthermore, Plaintiff also asserts that this Court has supplemental jurisdiction over the common law claims pled in the amended complaint. Doc. 3, ¶¶ 6, 7. The Court has original jurisdiction over the federal claim against the Officer Defendants (Claim One), and Plaintiff's state law claims clearly satisfy the "same case or controversy" requirement of 28 U.S.C. § 1367(a). The Court properly exercises supplemental jurisdiction over Plaintiff's state law claims.

### B. Intentional Infliction of Emotional Distress.

A plaintiff alleging intentional infliction of emotional distress in Arizona must demonstrate three elements: (1) the defendant's conduct was extreme and outrageous,

(2) the defendant intended to cause emotional distress or "recklessly disregarded the near certainty" that his conduct would produce such distress, and (3) the defendant's conduct actually caused severe emotional distress. *Bodett v. Coxcom, Inc.*, 366 F.3d 736, 746 (9th Cir. 2004); *Ford v. Revlon*, 734 P.2d 580, 585 (Ariz. 1987) (en banc).

The extreme and outrageous element is met when a defendant's conduct is "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 905 P.2d 559, 563 (Ariz. App. 1995) (citations omitted). Plaintiff alleges that Defendant Mendoza reached through the driver's side window and repeatedly struck Plaintiff's son in the head. Doc. 3, ¶¶ 12, 13. Defendant Mendoza argues that, even assuming this allegation is true, it is insufficient to provide a basis for Plaintiff's intentional infliction of emotional distress claim. Doc. 16, at 5. Because reasonable minds could differ about whether the alleged conduct is sufficiently outrageous, dismissal on this basis is inappropriate. *See Nelson v. Phoenix Resort Corp.*, 888 P.2d 1375, 1386 (Ariz. App. 1994).

Plaintiff also alleges that the Defendant Mendoza's actions were premeditated, wanton, and malicious. Doc. 30, ¶ 30. This assertion, taken as true and construed in the light most favorable to Plaintiff, establishes the second element of intentional infliction of emotional distress claim.

The third prong of the claim requires that the defendant's conduct actually caused severe emotional distress. Because "severe emotional distress" is not readily capable of precise legal definition, Arizona courts apply a case-by-case analysis with respect to these determinations. *See Lucchesi v. Frederic N. Stimmell, M.D., Ltd.*, 716 P.2d 1013, 1016 (Ariz. 1986). "A line of demarcation should be drawn between conduct likely to cause mere 'emotional distress' and that causing 'severe emotional distress.'" *Midas Muffler Shop v. Ellison*, 650 P.2d 496, 501 (Ariz. App. 1982) (internal quotation and citation omitted).

The element of severe emotional distress is noticeably lacking in this case. Plaintiff alleges in the amended complaint that she suffered humiliation and fear. Doc. 3, ¶ 26. In her response, she claims that she has been under "huge emotional stress" and has "practically been without sleep or rest" for the last nine months. Doc. 19, at 1. These symptoms do not constitute severe emotional distress. *See Spratt v. N. Auto. Corp.*, 958 F. Supp. 456, 461 (D. Ariz. 1996) (crying, being stressed and upset, and having headaches is not enough to establish severe harm); *Bodett*, 366 F.3d at 747 (shock, stress, moodiness, and estrangement from friends and coworkers is not severe); *Midas Muffler Shop*, 650 P.2d at 501 (difficulty sleeping is insufficient to establish severe emotional distress). *But see Ford v. Revlon, Inc.*, 734 P.2d 580, 583 (Ariz. 1987) (anxiety that results in physical symptoms such as high blood pressure, chest pains, fatigue, and dizziness does constitute severe emotional distress); *Pankratz v. Willis*, 744 P.2d 1182, 1191 (Ariz. App. 1987) (anger and depression coupled with physical ailments such as headaches and hemorrhoids constitute severe emotional distress). The Court concludes that Plaintiff has failed to plead sufficient facts to show the third element of her intentional infliction of emotional distress claim (Claim Three). This claim will be dismissed without prejudice.

**V.     Leave to Amend.**

"A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624 (9th Cir. 1988) (citations omitted). It is not clear that Plaintiff's state tort claim against the City of Winslow is incurable. While Plaintiff has failed to serve a timely notice of claim, it is not absolutely clear that Plaintiff cannot allege facts that would establish waiver, estoppel, or equitable tolling. *See Pritchard v. State*, 788 P.2d 1178. 1181 (Ariz. 1990) (notice of claim requirement subject to waiver, estoppel, and equitable tolling). To the extent Plaintiff seeks to make a § 1983 claim against the City of Winslow, there are, as discussed above, ways in which municipalities may be held liable for § 1983 violations.

It is also not clear that Plaintiff's intentional infliction of emotional distress claim against Defendant Mendoza is incurable.  The Court is not absolutely certain that Plaintiff can allege no set of facts that would show severe emotional distress.  The Court accordingly will dismiss Claim Two against the City of Winslow and Claim Three against Defendant Mendoza without prejudice, and allow Plaintiff to file a second amended complaint that contains sufficient factual allegations to support these claims.

In Plaintiff's amended complaint, she asks for leave to add her son as a plaintiff. Doc. 3, ¶ 29.  The Court will allow Plaintiff to name her son as a plaintiff in the second amended complaint.  This will not prejudice Defendants, who will be able to address his claims in any motions directed to the second amended complaint.

Plaintiff is advised that although she is proceeding pro se, she must become familiar with and follow the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules").  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").  The Federal Rules of Civil Procedure are available at the following Internet website: www.law.cornell.edu/rules/frcp.  A copy of the Court's Local Rules may be obtained in the Clerk's Office and are available online at the Court's Internet website: www.azd.uscourts.gov (follow hyperlink titled "Rules/General Orders").

Plaintiff is advised that any claims not re-alleged in the second amended complaint will be waived.  *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("It has long been the rule in this circuit that a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.").  If Plaintiff fails to prosecute this action or comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

**IT IS ORDERED:**

1. The Winslow Defendants' motion to dismiss (Doc. 15) is **granted in part and denied in part**. Plaintiff's claim against Winslow (Claim Two) is **dismissed** without prejudice.

2. Defendant Mendoza's motion to dismiss (Doc. 16) is **granted**. Plaintiff's intentional infliction of emotional distress claim against Defendant Mendoza (Claim Three) is **dismissed** without prejudice.

3. Plaintiff may file a second amended complaint on or before **September 7, 2012**.

Dated this 27th day of August, 2012.

_____
David G. Campbell
United States District Judge